UNITED STATES of America,
Appellee,

v.

Joe Nathan MICHAEL, Appellant.

No. 11–2738.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 14, 2012.

Filed: July 16, 2012.

Chad A. Blumenfield, Assistant U.S. Attorney, U.S. Attorney's Office, Minneapolis, MN, for Appellee.

Manvir Kaur Atwal, Assistant, Federal Public Defender's Office, Minneapolis, MN, for Appellant.

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

PER CURIAM.

Joe Nathan Michael pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced him to 120 months' imprisonment, a 31–month downward departure from the United States Sentencing Guidelines (Guidelines) range. Michael appeals, arguing that his sentence is substantively unreasonable. We affirm.

On May 27, 2010, Michael entered the TCF Bank located inside the Cub Foods store in Fridley, Minnesota. He was not armed, but he was intoxicated. He handed the teller a note, which she did not immediately understand because it contained spelling and grammatical errors. Michael indicated that he had a gun and demanded money. The teller complied with Michael's demand, giving him cash that included bait bills and a Global Positioning System (GPS) pack. He took the money, left the bank, and walked to a bus stop a block away.

Shortly thereafter, law enforcement officers apprehended Michael and recovered the cash, bait bills, and GPS pack. The bank teller identified Michael as the robber. He was taken into custody and charged with bank robbery. Following a mental health evaluation, Michael was found competent to stand trial. He pled guilty on March 30, 2011.

Michael's offense level was 29, his criminal history category was VI, and thus his advisory Guidelines range was 151 to 188 months' imprisonment.

Michael requested a downward variance because his psychological evaluation found that he has low-average intellectual functioning and because he has a history of alcohol abuse related to his criminal activity. The government requested a sentence within the Guidelines' range. Having considered Michael's presentence investiga-

---

1. The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

tion report, the written submission and oral arguments of counsel, Michael's statement, and the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Michael to 120 months' imprisonment, followed by three years of supervised release. It also recommended drug and alcohol treatment, psychological and educational programs, anger management programs, and any other programs that might be beneficial.

Michael contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing outlined in 18 U.S.C. § 3553(a). We review the substantive reasonableness of the sentence under an abuse of discretion standard, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

We conclude that the district court did not abuse its discretion in sentencing Michael. "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. White*, 675 F.3d 1106, 1110 (8th Cir.2012) (quoting *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (internal quotation and citation omitted)). This is not that most unusual case. A review of the sentencing transcript shows that the court was aware of Michael's long history of substance abuse and criminal acts, as well as his repeated and unsuccessful attempts to complete substance abuse treatment. Having read Michael's sentencing memorandum, the court considered Michael's childhood, mental health, and the impact of alcohol use on his criminal history. In light of the seriousness of the offense and Michael's status as a career offender, we cannot say that the district court abused its discretion in de-

clining to vary downward further than it chose to.

The sentence is affirmed.